IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUIP FOR EQUALITY, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. |
| BARRY S. MARAM, in his official capacity as Director of the Illinois Department of Healthcare and Family Services, CAROL L. ADAMS, in her official capacity as Secretary of the Illinois Department of Human Services; CHARLES D. JOHNSON, in his official capacity as Director of the Illinois Department on Aging, | ) Judge ) ) Magistrate Judge |
| Defendants. | ) |

**COMPLAINT FOR DECLATORY AND INJUNCTIVE RELIEF**

Plaintiff, Equip for Equality, Inc., complains of Defendants as follows:

**INTRODUCTION**

This is an action brought to enjoin the Defendants, directors of agencies of the State of Illinois, from implementing the threatened reductions in services to individuals with disabilities in Illinois. The fiscal year 2010 budget recently passed by the General Assembly, if implemented, will result in a reduction of community-based services provided to individuals with disabilities. Such a reduction in services will result in violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131 et seq., the Medicaid Act and its implementing regulations, 42 U.S.C. § 1396 et seq. (2006), and Illinois law.

## **PARTIES**

1. Equip for Equality ("EFE") is a private nonprofit organization designated by the governor in 1985 to implement the federally mandated Protection and Advocacy System for the State of Illinois. EFE's mission is to safeguard and protect the rights of people with physical, mental, and developmental disabilities in Illinois through the provision of legal and advocacy services, public policies initiatives, and self-advocacy training. EFE is a comprehensive statewide organization providing services to individuals of any age with a disability recognized under the American's with Disabilities Act. EFE has federal statutory authority to pursue legal, administrative or other appropriate remedies to ensure the protection of individuals with developmental disabilities, 42 U.S.C. § 15041, individuals with mental illness, 42 U.S.C.§ 10805, and individuals with other disabilities, 29 U.S.C. § 794(e).

2. EFE is pursuing this action to protect and advocate for the rights and interests of people with disabilities in Illinois whose services will be eliminated or reduced as a result of the action of the Defendants in implementing the proposed fiscal year 2010 Budget. These individuals are EFE's constituents. These constituents will each suffer injuries that would allow them to bring suits against the defendants in their own right.

3. Defendant Barry Maram is the Director of the Illinois Department of Healthcare and Family Services ("DHFS") and is being sued in his official capacity. The Illinois Department of Healthcare and Family Services is the designated State Medicaid Agency and is responsible for the oversight and the administration of the Medicaid program under Title XIX of the Social Security Act, which includes programs for persons with developmental disabilities and those with mental illness.

4. Defendant Carol L. Adams is the Secretary of the Illinois Department of Human Services ("DHS") and is being sued in her official capacity. The Illinois Department of Human Services, through an interagency agreement with DHFS is responsible for administering the home-based care waiver programs according to the rules, regulations and procedures established by DHFS. DHS also provides a wide variety of services and programs to people with developmental disabilities and mental illness.

5. Defendant Charles D. Johnson is the Director of the Illinois Department on Aging ("DoA") and is being sued in his official capacity. The Illinois Department on Aging oversees statewide programs to ensure older people live independently and with dignity in their own homes and communities.

## VENUE AND JURISDICTION

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under federal statutes. The court may also exercise pendant jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391(b).

## FACTS

8. On or about May 31, 2009, the Illinois General Assembly passed a bill, which appropriated approximately 50% of the funds requested by the Governor of Illinois for DHFS, DHS, and DoA. This resulted in these state agencies reducing their services to be provided in fiscal year 2010 (commencing July 1, 2009) by approximately 50%.

9. On or about June 15, 2009, DHS announced that it would cut or eliminate funding for a variety of programs, including eliminating programs for people with developmental disabilities and reducing funding for community mental health programs. See Exhibit A, attached hereto.

10. On or about June 11, 2009, the head of DHS Division of Developmental Disabilities issued a memorandum to providers funded through the Division of Developmental Disabilities announcing the elimination of funding for certain programs provided by the Division of Developmental Disabilities effective June 30, 2009, including in-home respite care. See Exhibit B, attached hereto.

11. On information and belief DHS' Division of Developmental Disabilities will eliminate services to 30,000 of its consumers. DHS' Division of Mental Health will eliminate access to services to 57,800 individuals in need of mental health services. On information and belief DHS' Division of Rehabilitative Services will reduce funding to providers who assist people with disabilities to maintain employment and other services to people with disabilities including services provided in the Home Services Program.

12. On or about June 15, 2009, DoA announced that it would cut community-provided services and grants to seniors, including eliminating the community care program, which helps senior citizens, who might otherwise need nursing home care, to remain in their own homes by providing in-home and community-based services. See Exhibit C, attached hereto.

13. Plaintiffs' constituents are individuals with psychiatric, developmental and physical disabilities who are protected by the Americans with Disabilities Act. 42 U.S.C. § 12131(2).

14. Plaintiff's constituents have been able to reside safely in the community with the assistance of community based services set forth in Exhibits A-C, that are funded by DHFS, DHS, and DoA, and some of which are operated pursuant to federally approved Medicaid Home and Community Based Waivers.

15. Plaintiff's constituents are being excluded from participation and denied the benefits of services, programs and activities of DHS and DoA solely on the basis of their disability.

16. If the proposed reductions in services are implemented, these individuals will suffer great harm, and will be at risk of being forced into institutions to obtain care.

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

17. Title II of the ADA provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132.

18. Title II of the ADA prohibits discrimination against individuals with disabilities. Further, Title II of the ADA requires that a public entity shall administer services, programs, and activities, in the most integrated setting appropriate to the needs of qualified individuals with disabilities. 28 CFR § 35.130(d).

19. Under *Olmstead v. L.C.*, the State is required to provide individuals with disabilities the opportunity to live in the least restrictive environment and to avoid unjustified segregation. 527 U.S. 581 (1999).

20. The proposed reductions in services outlined in Exhibits A-C, such as the elimination of home-based support systems for people with developmental disabilities, the reduction of funding for community mental health programs, the elimination of in-home respite care, and the elimination of the community care program services will mean that many of Plaintiff's constituents will stop receiving the services that allow them to live in the community.

21. The proposed cuts of DHS and DoA will result in many people with disabilities residing in Illinois being at risk of being unable to live safely in the community and thus being faced with the threat of institutionalization.

22. The threatened actions of the Defendants in implementing the reduction of services thus violate the integration mandate of Title II of the ADA.

23. The budget for the State of Illinois requires significant reduction or elimination of services for persons with significant disabilities that are not available elsewhere in the community.

24. The budget for the state of Illinois did not propose a 50% budget reductions for all government funded services or operations.

25. The 50% budget of the State of Illinois by disproportionately burdening persons with disabilities, denying them the services and programs set forth in exhibits A-C, without justification, and is therefore unlawful discrimination under the ADA.

## VIOLATION OF THE MEDICAID ACT

26. Some of the proposed cuts to services provided to Plaintiff's constituents, set forth in Exhibits A-C, are funded through Medicaid Home and Community Based Waivers.

27. The Defendants have failed to comply with the Medicaid Act and its implementing regulations, which require that 30 days' notice be provided to a recipient of services before there can be any termination of services by the State. 42 U.S.C. § 1396(a).

## VIOLATION OF ILLINOIS LAW

28. Defendants' proposed reduction in services violates 405 ILCS 5/2-102 in that it will result in certain of Plaintiff's constituents not receiving adequate and humane care and services in the least restrictive environment.

29. Illinois law requires that a "recipient of services shall be provided with adequate and humane care and services in the least restrictive environment." 405 ILCS 5/2-102.

30. Patients at psychiatric facilities are recipients of services for purposes of 405 ILCS 5/2-102.

31. Most people admitted to state psychiatric facilities are discharged within 15 days of their admission. Most people discharged from state psychiatric facilities are not eligible for Medicaid.

32. The Defendants' reduction in services reduces community services for people with mental illness who are not eligible for Medicaid.

33. The proposed reduction in services will result in Plaintiff's constituents being detained in state psychiatric institutions when discharge to the community would be the least restrictive environment, violating 405 ILCS 5/2-102.

34. The proposed reduction in services will also result in people being discharged from state psychiatric institutions without appropriate care and services, violating 405-ILCS 5/2-102.

35. The provisions of 59 Ill. Admin. Code § 115, which govern Community Integrated Living Arrangements (CILA) require CILA providers to provide 60 days notice to recipients when services are to be terminated.

36. CILAs provide individuals the opportunity to live in small, community-based residential settings as alternatives to institutions while receiving services tailored to meet their needs. Some individuals eventuallymove from 24 hour supports to less intensive supports as a result of habilitation received in CILA. Some of Plaintiff's constituents currently reside in CILAs.

37. The proposed reduction in rates outlined in Exhibit B for CILA Providers may cause CILA providers to cease operation.

38. Notice was not provided by DHS to Providers of the proposed reductions until June 11, 2009 for reductions to take place on June 30, 2009.

39. CILA providers who cannot continue to provide services with the reduced rates will be unable to provide the required notice to Plaintiff's constituents, thereby violating 59 Ill. Admin. Code § 115.

## **PRAYER FOR RELIEF**

Plaintiffs pray for the following relief:

1. For a declaration that Defendants' threatened service reductions violate Plaintiffs' constituents' rights under Title II of the Americans with Disabilities Act, the Medicaid Act, and Illinois law.

2. For an injunction prohibiting Defendants from implementing the proposed reduction in services to persons with disabilities described in Exhibits A - C and requiring the Defendants to maintain the level of services currently provided.

3. For such other relief as this Court deems just and proper.

Dated: June 30, 2009                                    Respectfully submitted,

/s/_____
Karen I. Ward
One of Plaintiff's Attorneys


Karen I. Ward
Barry Lowy
EQUIP FOR EQUALITY, INC.
20 N. Michigan Avenue, Suite 300
Chicago, IL 60602
(312) 341-0022

8